IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBIE E. N., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 20-cv-00442-SH |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Bobby E. N. requests judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f. In accordance with 28 U.S.C. § 636(c), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court reverses and remands the Commissioner's decision denying benefits.

**I.    Disability Determination and Standard of Review**

Under the Act, a person is disabled if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment(s) must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage

---

[1] Effective July 9, 2021, pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of 42 U.S.C. § 405(g).

in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.* § 1382c(a)(3)(B).

Social Security regulations implement a five-step sequential process to evaluate disability claims. 20 C.F.R. § 416.920. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Under the five-step process, the Commissioner inquires into: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a severe medically determinable impairment(s); (3) whether the impairment meets or equals a listed impairment from 20 C.F.R. pt. 404, subpt. P, app. 1; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the claimant can still do his past relevant work; and (5) considering the RFC and other factors, whether the claimant can perform other work. *Id.* § 416.920(a)(4)(i)-(v). Generally, the claimant bears the burden of proof for the first four steps. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At the fifth step, the burden shifts to the Commissioner to provide evidence that other work the claimant can do exists in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2).

Judicial review of the Commissioner's final decision is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a scintilla but means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The

Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," *Grogan*, 399 F.3d at 1262, but it will neither reweigh the evidence nor substitute its judgment for that of the Commissioner, *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.   Background and Procedural History

Plaintiff applied for Title XVI benefits, with a protective filing date of October 19, 2018. (R. 15, 182-87.) Plaintiff alleges that he has been unable to work since July 27, 2018, due to leg numbness, cirrhosis, collar bone pain, bilateral shoulder pain, right hip pain, and high cholesterol. (R. 182, 203.) Plaintiff was 59 years old on the date of the ALJ's decision. (R. 22, 182.) He has a 10th grade education and past relevant work as a delivery driver. (R. 31, 39, 204.)

Plaintiff's claim for benefits was denied initially and on reconsideration, and he requested a hearing. (R. 81-99, 116-18.) ALJ Lantz McClain conducted an administrative hearing and issued a decision on February 4, 2020, finding Plaintiff not disabled. (R. 15-22, 28-40.) The Appeals Council denied review on July 8, 2020 (R. 1-6), rendering the Commissioner's decision final. 20 C.F.R. § 416.1481. Plaintiff timely filed this appeal on September 1, 2020 (ECF No. 2), within 65 days of that order. *See* 20 C.F.R. § 422.210(c).

## III.  The ALJ's Decision

In his decision, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of October 19, 2018. (R. 17.) At step two, the ALJ found Plaintiff had the severe impairments of left shoulder osteoarthritis,

3

status post inguinal hernia repair, and hypertension. *Id.* At step three, the ALJ found Plaintiff's impairments did not meet or equal a listed impairment. (R. 18.)

The ALJ then determined Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. § 416.967(b). (R. 18.) The ALJ provided a summary of the evidence that went into this finding. (R. 18-21.)

At step four, based on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could return to his past relevant work as a delivery driver not as generally performed, but as actually performed. (R. 21-22.) The ALJ thus found Plaintiff was not disabled. (R. 22.)

## IV. Issues

Plaintiff asserts the ALJ erred by: (1) failing to discuss all the probative evidence regarding his past relevant work as actually performed (ECF No. 23 at 5-7); and (ii) failing to discuss Dr. Nick Carroll's September 2019 finding of reduced range of motion in his shoulders (*id.* at 7-8). The Court agrees with Plaintiff's first contention and does not reach Plaintiff's remaining argument.

## V. Analysis

Plaintiff's primary argument relates to step four of the five-step sequential process. At step four, the ALJ considers the claimant's RFC and assesses his ability to return to past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). The ALJ is required to make specific findings in three phases at this step. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In phase one, the ALJ evaluates the claimant's mental and physical RFC. *Id.* In phase two, the ALJ examines the demands of the claimant's past relevant work. *Id.* Finally, in phase three, the ALJ ascertains "whether the claimant has the ability to meet the job demands found in phase two despite the [RFC] limitations found in phase one."

4

*Id.* (citing Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982)). It is the claimant's burden at step four to show he is unable to perform his past relevant work "*both* as [he] actually performed that work in the past *and* as it is generally performed in the national economy." *Adams v. Colvin*, 616 F. App'x 393, 394 (10th Cir. 2015) (unpublished).[2]

In this case, the ALJ determined that Plaintiff's past relevant work was "light as performed" (R. 21), and Plaintiff argues this determination is not supported by substantial evidence. More specifically, Plaintiff points to an inconsistency between his hearing testimony and his Work History Report as to the heaviest weight he lifted as a delivery driver and asserts the ALJ failed to explain how he reconciled these conflicting statements when evaluating Plaintiff's ability to perform his past work at step four. (ECF No. 23 at 6-7.) There is a conflict in the record. Plaintiff completed a Work History Report on January 15, 2019, in which he stated his past work as a delivery driver required him to lift no more than 10 pounds. (R. 227, 231.) At the administrative hearing on January 27, 2020, however, Plaintiff testified his delivery driver job required him to lift "anywhere from 25 to 30 pounds." (R. 28, 32.) The VE testified Plaintiff's past relevant work as a delivery driver was generally a medium, semi-skilled job.[3] (R. 39). The following exchange then took place between the ALJ and the VE:

---

[2] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

[3] *See also* Dictionary of Occupational Titles ("DOT"), § 292.353-010, 1991 WL 672567 (4th ed. 1991) ("STRENGTH: Medium Work – Exerting 20 to 50 pounds of force occasionally (. . . up to 1/3 of the time) and/or 10 to 25 pounds of force frequently (. . . 1/3 to 2/3 of the time) and/or greater than negligible up to 10 pounds of force constantly (. . . 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Light Work."). Medium work, as defined under the Act, "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weight up to 25 pounds." 20 C.F.R. § 416.967(c).

> Q   Okay.  Now, how did he describe it in the – in the work profile, though, he described it a different way, didn't he?
>
> A   He did.  He described it as light, but then I guess in testimony it was medium.
>
> Q   Okay.  But in the work history he described it at as light, correct?
>
> A   Yes, sir.

(R. 39.)  The ALJ then posed a hypothetical question to the VE matching the RFC assessment set forth above, and the VE testified that a hypothetical person with Plaintiff's age, education, and work history could perform the job of delivery driver as Plaintiff performed it, but not as the job was ordinarily done.  (*Id.*)  Based on this testimony, the ALJ concluded Plaintiff could return to his past relevant work as a delivery driver.  (R. 22.)

The Court agrees the ALJ failed to reconcile the critical discrepancy between Plaintiff's Work History Report and his hearing testimony, and, thus, the ALJ's determination is not supported by substantial evidence.  *See, e.g., Moreno v. Colvin,* 179 F. Supp. 3d 991, 998-99 (D. Colo. 2016) (finding error where the ALJ failed to reconcile the inconsistencies between the plaintiff's hearing testimony and work report as to the heaviest weight lifted and the amount of walking involved in the plaintiff's past relevant work).  "Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'"  *Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) (quoting *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996)).  Pursuant to SSR 82-62, "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level[,] exertional demands and nonexertional demands of such work."  SSR 82-62 at *3.  Thus, Plaintiff's testimony constitutes significantly probative evidence regarding how he <u>actually performed</u> his past relevant work.  Despite an awareness of the discrepancy

6

between Plaintiff's Work History Report and hearing testimony, the ALJ did not acknowledge this discrepancy in his written decision, and he did not explain how he resolved such inconsistency or why he chose to credit Plaintiff's Work History Report over his hearing testimony. Although the ALJ is "entitled to resolve any evidentiary conflicts in the record," *Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007), the ALJ's failure to explain why he disregarded Plaintiff's significantly probative hearing testimony constitutes error. *See Clifton,* 79 F.3d at 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss . . . <u>significantly probative</u> evidence he rejects." (emphasis added)); *cf. also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (In assessing the RFC, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence" of record were considered and resolved.)

The Commissioner appears to assert the ALJ's determination at step four was supported by substantial evidence, because: (1) Plaintiff testified at the administrative hearing that he could lift "about 25, 30 pounds," and (2) Plaintiff reported that he used a forklift to load and unload the parts he was delivering when performing his past relevant work.[4] (ECF No. 24 at 12-14.) Because the ALJ did not discount Plaintiff's hearing testimony on this basis, these assertions constitute post-hoc rationales that are not clear from the ALJ's decision.[5] *See Haga,* 482 F. 3d at 1207-08 ("[T]his court may not create

---

[4] Plaintiff also testified that, when he did lift "25, 30 pounds," he would have trouble setting the object down, because his shoulder would lock up. (R. 33.)

[5] The Commissioner may also be arguing that—because Plaintiff testified he could lift 25-30 pounds (even if he could not set it down)—he <u>could</u> still do his past relevant work as it was actually performed. (*Id*. at 12.) If so, this argument also fails. The ALJ found that Plaintiff had the RFC to perform <u>only</u> light work (R. 18), which means he could lift no more than 20 pounds at a time, 20 C.F.R. § 416.967(b). To credit the Commissioner's argument, the Court would have to substitute its judgment for that of the ALJ on <u>another</u> issue—by determining, despite the ALJ's findings, that Plaintiff could, in fact, perform medium work.

or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.").

Furthermore, the ALJ's error is not harmless. A lifting requirement of 25-30 pounds exceeds the exertional demands for light work. *See* 20 C.F.R. § 416.967(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."). According to the Medical-Vocational Guidelines (commonly called the "Grids"), a claimant is disabled if: (1) he is limited to light work, (2) is of advanced age, (3) has a limited education or less, and (4) has no transferable skills from previous work. 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.02. Here, (1) Plaintiff's RFC is for light work (R. 18); (2) at 59 years old, he is of advanced age, 20 C.F.R. § 416.963(e) (age 55 or older); (3) having completed the 10th grade, he has a limited education, *id.* § 416.964(b)(3) (generally 7th through 11th grades of formal education); and the VE testified that he has no transferrable skills from his past work (R. 39). Thus, if the ALJ had found Plaintiff's past relevant work as a delivery driver to be medium work, Plaintiff's RFC for the full range of light work would have precluded this job at step four and resulted in a finding of disabled under Rule 202.02.

## VI.  Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

SO ORDERED this 23rd day of March, 2022.

**SUSAN E. HUNTSMAN, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**